UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILIP CHINN,

                Plaintiff,

    v.

BENJAMIN BLANKENSHIP, et al.

                Defendants.

Case No.  C09-5119RJB

ORDER ON PLAINTIFF'S APPLICATION FOR REASONABLE ATTORNEY'S FEES AND EXPENSES

This matter comes before the court on the above-referenced motion (Dkt. 66). This case settled by way of acceptances of Offers of Judgment. *See* Dockets 62, 64 and 65. The Offers of Judgment provided that the settlements included "reasonable costs and attorney's fees incurred to the date of this offer" (Dkts. 64 & 65), or "costs accrued by plaintiff to the date of this offer, including reasonable attorney's fees" (Dkt. 62). Plaintiff has requested attorney's fees totaling $372,568.25; and costs (which the court interprets to be expenses of litigation including statutory costs) of $12,335.61, for a total of $384,903.86. The court must determine what amounts of those billings are "reasonable."

The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion.

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 1

**LODESTAR & KERR/RPC FACTORS**

The law controlling awards of reasonable fees and expenses of litigation in civil rights cases is well set out in the parties' briefing and need not be fully repeated here. We start with the "lodestar" method of calculating the award; that is, the number of hours reasonably expended on the litigation by reasonable hourly attorney's rates. The so called "lodestar" method should not end the fee review.

In reviewing a claim for attorney's fees, the court should consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with Washington Rules of Professional Conduct 1.5.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id*.

The Kerr/RPC factors must be applied to the total fee request to determine whether an upward or downward adjustment to the lodestar should be made, and also should be applied to the specific records of time spent on the case and the rates charged to determine reasonableness in

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 2

reaching the lodestar figure. Those Kerr/RPC factors follow, with the court's discussion of application of those factors to this case:

1) <u>The time and labor required</u>. Plaintiff has documented the time and labor expended on this case. This factor is discussed later in this order in regard to reductions from the requested compensable hours based on time and labor that was not required in the litigation.

2) <u>Novelty and difficulty of questions involved</u>. This case was far more than a wrongful arrest case. Besides ordinary damages, it was an attempt to vindicate the plaintiff's civil rights, and involved issues of whether governmental agencies were unconstitutionally targeting and arresting protesters without probable cause. Numerous government agencies, including the United States of America, were involved. The legal issues were novel, and the facts were complex.

3) <u>The skill requisite to perform the legal service properly</u>. The case required high-quality legal services.

4) <u>The preclusion of other employment by the attorney due to the acceptance of the case</u>. There is no showing that the employment in this case precluded the acceptance of other work.

5) <u>The customary fee</u>. This factor is discussed in determining reasonable hourly rates as discussed below.

6) <u>Whether the fee is fixed or contingent</u>. This was a contingent fee case.

7) <u>Time limitation imposed by the client or the circumstances</u>. There were no unusual time limitations in the case.

8) <u>The amount involved and the results obtained</u>. While this case settled for a comparatively modest amount ($169,000.00 plus fees and expenses), and there was no clear vindication of the plaintiff's civil rights as might be obtained by a jury

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 3

|   |   |   |
|---|---|---|
| 1 | | verdict, it appears to the court that the willingness of the defendants to make the |
| 2 | | offers of judgment could be viewed by the plaintiff and the public as some |
| 3 | | vindication of the plaintiff's position.  While a fee request in excess of the amount |
| 4 | | recovered raises some questions, the effort to vindicate the plaintiff's civil rights and |
| 5 | | the importance of the issues raised indicate that this was a good result under all the |
| 6 | | circumstances. |
| 7 | 9) | <u>The experience, reputation and ability of the attorneys</u>.  Plaintiff's team of lawyers |
| 8 | | was marked by substantial experience, high reputation and ability. |
| 9 | 10) | <u>The desirability of the case</u>.  This case presented, at the outset, an uphill battle |
| 10 | | against government agencies and was anything but a sure winner at the outset.  The |
| 11 | | willingness to take this undesirable case was marked by the willingness of plaintiff's |
| 12 | | counsel to undertake what could have been long, hard and difficult litigation.  It was |
| 13 | | not a desirable case. |
| 14 | 11) | <u>The nature and length of the professional relationship with the client.</u>  This is not a |
| 15 | | factor here. |
| 16 | 12) | <u>Awards in similar cases</u>.  This factor is covered in the discussion of reasonable |
| 17 | | hourly rates. |

## DISCUSSION

After careful review of all of the documents filed in regard to the issues of reasonable fees and expenses, it appears to the court that the most efficient way to address these issues is to follow the itemization found at pages 69 and 70 of the Declaration of James P. Schratz (Dkt. 72). That document sets forth the objections raised by defendants to the fees and expenses claimed by plaintiff.

Applying the lodestar rule, and the <u>Kerr</u>/RPC factors, to the information provided, the court makes the following Findings and Conclusions:

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 4

1) <u>Billing rate</u>.  The court is satisfied with the reasonableness of plaintiff's claimed billing rates with one exception: While Mr. Schwab is a superlative lawyer, with high skills and abilities and reputation, his $525.00 claimed rate should be reduced to $400.00 per hour for the following reasons: First, that rate is still higher than any of the other highly-skilled and able lawyers who worked on plaintiff's case.  Second, many of the hours that Mr. Schwab spent on this case were in performing tasks that did not require his skill and ability.  Accordingly, after adjusting Mr. Schwab's billing rate and multiplying it by the total hours spent, a reduction of $28,187.50 in the claimed billing should be made.  In making this reduction, the court does not intend to indicate that Mr. Schwab's higher rate is not reasonable for much of the work he does on other cases.  The question here is what is a reasonable rate for this case for this work done under these circumstances.

2) <u>Criminal matter</u>.  Resolution of the criminal matter was a prerequisite to the rest of this civil rights case and there should be no deduction for hours spent on the criminal case.

3) <u>Hilde's post-complaint fees</u>.  Mr. Hilde was part of the plaintiff's team throughout this matter and participated throughout.  His work was not limited to the criminal case, and there should be no reduction in his time spent on the case.

4) <u>The motion to compel</u>.  It is the court's opinion that the work on the motion to compel could have been resolved by agreement of counsel, and plaintiff did not substantially prevail on the motion to compel.  The fees requested for that work, $27,767.50, should be disallowed.

5) <u>Status conference and Joint Status Report</u>.  It appears to the court that there was substantial unnecessary work done on the Joint Status Report and Rule 26

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 5

1 conference.  A reasonable reduction is the amount of $9,280.00,

2 adopting Mr. Schratz's analysis.

3   6) <u>Document coding/attorney document review</u>.  It appears to the court that some

4 $53,600.50 is being requested in fees for this work.  That work was substantially

5 unnecessary and repetitive,  and the amount should be cut in half.  A deduction of

6 $26,800.25 is appropriate.

7   7) <u>Drafting discovery requests</u>.  There should be no deduction for time spent in drafting

8 discovery requests.

9   8) <u>Discovery dispute</u>.  There should be no deduction under this category.

10   9) <u>Deposition preparation</u>.  It appears to the court that excessive time was spent in

11 preparing for depositions that never occurred.  Surely, however, not all of that time

12 was wasted.  It is appropriate to make a deduction of half of the time spent on

13 deposition preparation, or $2,214.25.

14   10) <u>Motion for summary judgment</u>.  Plaintiff request $3,025.00 for reviewing the

15 summary judgment motion of defendants Pitt and Gordon.  It appears to the court

16 that this matter could have and should have been summarily resolved without a

17 significant amount of time reviewing it.  Accordingly, the $3,025.00 requested

18 should be disallowed.

19   11) <u>Fees spent on and after March 5, 2010</u>.  The offers of judgment, by their language,

20 offered only fees to the date of the offer, and requests for fees spent after that date

21 should be disallowed in the amount of $17,009.00.  (That amount would be allowed

22 if the offers of judgment were only for "reasonable fees" without a cut-off date.)

23   12) <u>Publicity</u>.  While responding to press inquiries is sometimes part of a lawyer's work,

24 it does not advance the litigation nor does it require the work of a lawyer.  Time

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 6

        spent thereon is not reasonably necessary to the litigation. The request of $928.00 for time spent on media contacts should be disallowed.

13) <u>Clerical work</u>. It appears to the court that law firms should bear some overhead expenses, and the court agrees with Mr. Schratz's analysis of this issue, which results in a disallowance of $6,748.13.

The total amount disallowed is $122,159.63. Subtracting that from the fees claimed of $372,568.25 leaves $250,408.62. This amount should be further reduced to recognize the block billing and vague entries that occur in plaintiff's counsel's time records. It appears to the court that the amount of disallowances urged by defendants are excessive. Some recognition of incomplete and undetailed billing practices is appropriate, but there is no showing that the plaintiff's counsel did not spend that time working on this case. Accordingly, a small reduction to recognize less than ideal billing practices should be made, and it appears to the court that a five percent reduction in the fees determined above should be made, and the sum of $250,408.62 should be reduced by five percent, or $12,520.43, for a net fee award of $237,888.19. This conclusion recognizes that many lawyers worked on the case for plaintiff, and that there was some overlapping of tasks, some duplication of efforts, and some excessive "conferencing."

14) <u>Costs (expenses of litigation)</u>. The only portions of the costs requested that should be disallowed for lack of specificity or because they are properly charged to overhead are as follows:

Dorsey:

| | |
|---|---|
| Taxi | $ 97.25 |
| Unknown/questionable (miscellaneous) charges | $ 10.50 |
| Gas/Mileage | $116.49 |
| Travel | $ 80.00 |

ACLU:

| | |
|---|---|
| Telephone/conference calls | $102.13 |
| | $406.37 |

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 7

Costs (expenses) of litigation billed were $12,335.61. Reducing that by the disallowed amounts of $406.37, totals $11,929.24.

### CONCLUSION

The allowed costs and fees as listed above, $237,888.19 for attorney's fees plus $11,929.24 for costs, for a total of $248,817.43, are the reasonable fees and expenses of litigation that should be allowed for plaintiff and against defendants.

IT IS SO ORDERED.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of June, 2010.

*[signature]*

Robert J. Bryan
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS - 8